UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUZANNE K.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C19-5524 RSM

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff seeks review of the denial of her application for disability insurance benefits. Plaintiff contends the ALJ erred by rejecting the opinions of treating doctors Ronald Graf, M.D., and Urooj Jaffer, M.D. Pl. Op. Br. (Dkt. 10) at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 56 years old, has a high school education, and has worked as an insurance clerk, billing clerk, and accounting clerk. Admin. Record ("AR") (Dkt. 8) 24, 36, 187. Plaintiff applied for benefits on January 28, 2016, alleging disability as of September 17, 2015. AR 66, 165-66. Plaintiff's applications were denied initially and on reconsideration. AR 66-95. After

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

the ALJ conducted a hearing on November 21, 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 15-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since September 17, 2015, the alleged onset date.

**Step two:** Plaintiff has the following severe impairments: Type I diabetes, stage III chronic kidney disease and status post-kidney transplant, major depressive disorder, panic disorder, and diabetic retinopathy.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work with limitations. She can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She can occasionally reach overhead with her left non-dominant arm. She can never be exposed to excessive noise. She cannot perform fine detail work. She can frequently read. She can work in an environment free of fast-paced production requirements. She can have only normal, routine work place changes. She can only have occasional interaction with the public.

**Step four:** Plaintiff can perform past relevant work as an insurance clerk, billing clerk, and accounting clerk. This work does not require the performance of work-related activities precluded by Plaintiff's RFC. Plaintiff is therefore not disabled.

**Step five:** The ALJ did not reach step five.

AR 15-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-3.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Plaintiff argues that the ALJ failed to give specific and legitimate reasons to reject the opinions of treating endocrinologist Dr. Graf and treating physician Dr. Jaffer. *See* Pl. Op. Br. at 2-4. Dr. Graf and Dr. Jaffer each responded to questionnaires from Plaintiff's counsel in which they circled one of two responses to several questions. *See* AR 695-96, 728-29. On September 23, 2016, Dr. Graf responded in the affirmative to each of counsel's narrative questions. Dr. Graf first agreed with counsel's description of Plaintiff's diabetes and medication side effects. AR 695. Dr. Graf then responded affirmatively when asked if Plaintiff's "risk of injury from the difficulty managing her blood sugars [would] increase to an unacceptable level" if she attempted to work full time. AR 696. Dr. Graf also responded affirmatively when asked if Plaintiff would have more frequent panic attacks if she attempted to work full time. *Id.*

On March 9, 2017, Dr. Jaffer completed a similar questionnaire. *See* AR 728-29. Dr. Jaffer first agreed with a narrative statement from counsel that Plaintiff had changed jobs to work fewer hours with more stable scheduling, and that this was "a reasonable and medically necessary change." AR 728. Dr. Jaffer then indicated that she agreed with counsel's summary

of Dr. Graf's opinion, "that working full time would increase [Plaintiff's] risk of injury, due to the difficulty managing her blood sugars, to an unacceptable level and would increase the frequency of her panic attacks." AR 729.

The ALJ gave these opinions "low weight." AR 24. The ALJ reasoned that the opinions were contradicted by the doctors' treatment notes, the overall medical evidence, and Plaintiff's daily activities. *Id.* An ALJ may reject the contradicted opinions of a treating doctor by giving "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830 (citing *Andrews*, 53 F.3d at 1043). The ALJ's reasons here did not meet this standard.

The ALJ erred in rejecting the opinions of Dr. Graf and Dr. Jaffer based on inconsistency with their treatment notes because the alleged inconsistencies do not match up with the doctors' opinions. *Cf. Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (holding that an ALJ errs when he rejects a medical opinion without offering a substantive basis for his conclusion). The ALJ reasoned that "Dr. Graf's own exam notes show that [Plaintiff's] physical exam findings are within normal limits and that her renal function is normal," and that "Dr. Jaffer's treatment notes are similarly unremarkable and show that the claimant's physical functioning is generally within normal limits." AR 24. But neither doctor's opinions were focused on Plaintiff's physical or renal functioning. Instead, the doctors opined that Plaintiff would be at greater risk of injury due to difficulty managing her blood sugars if she worked full time, and would have more frequent panic attacks. *See* AR 696, 729.

The ALJ likewise erred in rejecting Dr. Graf's and Dr. Jaffer's opinions based on inconsistency with the overall medical evidence. The ALJ stated that Dr. Graf's and Dr. Jaffer's opinions were "inconsistent with [Plaintiff's] generally unremarkable physical exam findings in

other exams." AR 24.  But, again, neither doctor opined that Plaintiff had specific physical functional limitations.  *See* AR 696, 729.  That Plaintiff's physical exams were unremarkable says little about whether Plaintiff suffers from panic attacks, and how frequent or severe they are.

The ALJ finally erred in rejecting Dr. Graf's and Dr. Jaffer's opinions as inconsistent with Plaintiff's daily activities because he did not adequately explain the inconsistency.  Plaintiff admitted that she could perform many activities of daily living, such as preparing meals, doing some household cleaning, caring for her dog, shopping, and handling her own finances.  *See* AR 37, 201-05.  Plaintiff explained, however, that she does these tasks at her own pace.  *See* AR 55.  The ALJ has not explained how Plaintiff's ability to perform these activities contradicts Dr. Graf's and Dr. Jaffer's opinions that Plaintiff would be at greater risk of injury and would have more frequent panic attacks if she were to work full time.  *See* AR 24.  The ALJ thus erred in rejecting the doctors' opinions as inconsistent with Plaintiff's daily activities.

Plaintiff vaguely asks to remand for an award of benefits.  *See* Pl. Op. Br. at 4.  Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court must determine whether, "if the

improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The appropriate remedy here is to remand for further administrative proceedings. The opinions from Dr. Graf and Dr. Jaffer are vague, and do not establish disability on their face. For example, Dr. Graf simply marked his agreement that Plaintiff would face an "unacceptable" risk of injury based on Plaintiff's counsel's description of Plaintiff's symptoms if she were to work full time. *See* AR 696. Remand for further proceedings is necessary to correctly examine these opinions and determine whether they establish that Plaintiff would be precluded from working.

On remand, the ALJ shall reevaluate Dr. Graf's and Dr. Jaffer's opinions. The ALJ shall reevaluate the relevant steps of the disability evaluation process, and conduct further proceedings as necessary to reevaluate the disability determination in light of this opinion.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of December 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE